UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRAVITAS CAPITAL ADVISORS, LLC )
601 Pennsylvania Avenue, NW )
Suite 900 - South )
Washington, DC 20004 )
 )
      Plaintiff, )
 )
    v. ) Civil Action No. _____
 )
GRAVITAS, LLC )
145 E 57th Street, 10th Floor ) **JURY TRIAL DEMANDED**
New York, NY 10022 )
 )
      Defendant. )

## COMPLAINT

Plaintiff Gravitas Capital Advisors, LLC files this Complaint against Defendant Gravitas, LLC and in support thereof alleges as follows:

## NATURE AND BASIS OF ACTION

This is an action for federal service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1125(a); federal service mark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c); unfair competition under the common law; and conversion under the common law. Plaintiff seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

## PARTIES

1.    Plaintiff Gravitas Capital Advisors, LLC (hereinafter "GCA") is a Washington, DC corporation with its principal place of business at 601 Pennsylvania Avenue, N.W., Suite 900 - South, Washington, DC. Plaintiff is engaged in the business of providing a wide range of asset management, financial analysis, and related consultation services.

2. Defendant Gravitas, LLC (hereinafter "Defendant") is a New York corporation with its principal place of business at 145 E 57th Street, 10th Floor, New York, NY. Defendant is engaged in the business of providing financial analysis and financial consultation services.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to (a) 28 U.S.C. §§ 1331 and 1338 as an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*, and (b) 28 U.S.C. § 1332 as an action between citizens of different states, because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. This Court has jurisdiction over GCA's state law claims pursuant to 38 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant is subject to personal jurisdiction in this Court pursuant to D.C. Code § 13-423 because Defendant is causing tortious injury in the District of Columbia, and regularly solicits business in the District of Columbia and/or engages in a persistent course of conduct in the District of Columbia, and/or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia.

## STATEMENT OF FACTS

6. GCA is a well known and reputable financial services company that provides asset management, financial analysis and related consultation services throughout the United States, including the District of Columbia. GCA is the provider of GRAVITAS financial services.

7. GCA's GRAVITAS service mark has been in continuous use in interstate commerce since at least February, 1996 to identify its asset management, financial analysis, and related consultation services.

8. GCA has extensively promoted and used its GRAVITAS service mark in connection with its asset management, financial analysis, and related consultation services. As a result of GCA's extensive, continuous, and exclusive use of its GRAVITAS service mark in connection with its asset management, financial analysis, and related consultation services, GCA has established fame and substantial goodwill in connection with the GRAVITAS service mark.

9. GCA is the owner of federal service mark Registration No. 2147124 covering asset management and financial analysis and consultation services in International Class 036 and computer software design services in International Class 042. A true and correct copy of GCA's federal service mark registration particulars issued by the United States Patent and Trademark Office is attached hereto as Exhibit A.

10. GCA's federal service mark registration for the GRAVITAS service mark was duly and legally issued, is valid and now incontestable, and is *prima facie* evidence of the validity of the mark registered, and constitutes constructive notice of GCA's ownership of the GRAVITAS mark pursuant to Sections 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072.

11. Defendant is engaged in the business of providing financial analysis and financial consultation services. Defendant identifies said services with the name GRAVITAS and uses the company name Gravitas, LLC, and domain name www.gravitasllc.com (hereinafter, Defendant's use of the GRAVITAS name as a service mark, as a company name, and as a domain name shall be collectively referred to as the "GRAVITAS Name").

12. Defendant's services identified by the GRAVITAS Name are marketed and provided in interstate commerce to consumers throughout the United States, including residents

of the District of Columbia through various means, including but not limited to the use of its website www.gravitasllc.com.

13.  Defendant's use of GCA's federally registered GRAVITAS service mark in connection with its services, as a company name, and/or as a domain name has resulted in actual instances of consumer confusion.

14.  GCA put Defendant on notice of the infringement in mid-July, 2003 and attempted to resolve the infringement.

15.  Counsel for GCA again advised Defendant in October, 2005 that its use of the GRAVITAS Name in connection with its financial analysis and financial consultation services constituted service mark infringement, and requested, among other things, that such infringement cease immediately.

16.  Despite Defendant's knowledge of GCA's GRAVITAS mark, and indeed its promises and representations to cease use of the GRAVITAS Name, and despite its knowledge of the actual instances of consumer confusion, Defendant has continued to use the GRAVITAS Name knowingly, willfully, and intentionally.

**COUNT I**
**(INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS)**

17.  GCA incorporates by reference the factual allegations contained in paragraphs 1 through 16 of this Complaint as if these paragraphs were fully set forth herein.

18.  Defendant willfully, knowingly, and intentionally used, and continues to use, the GRAVITAS Name in commerce, has caused and is likely to continue to cause consumer confusion, mistake, or deception as to whether Defendant is in some way associated or affiliated with GCA or whether GCA sponsors, licenses, or endorses Defendant's services.

19. Defendant's actions therefore constitute an infringement of GCA's exclusive rights in its federally registered GRAVITAS mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

20. Defendant's aforesaid conduct has caused and, unless enjoined, will continue to cause irreparable injury to GCA and the goodwill associated with its federally registered mark.

## COUNT II
### (USE OF FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND FALSE REPRESENTATIONS)

21. GCA incorporates by reference the factual allegations contained in paragraphs 1 through 20 of this Complaint as if these paragraphs were fully set forth herein.

22. The GRAVITAS mark, when used in connection with asset management and financial analysis and consultation services, among other things, solely and exclusively identifies GCA's services.

23. Defendant has knowingly, willfully, and intentionally adopted and used, and continues to use, the GRAVITAS mark as an indication of source or origin, as a company name, and as a domain name without authorization from GCA in connection with services that Defendant has sold or offered for sale in interstate commerce. This adoption and use of the GRAVITAS mark suggests sponsorship by, approval by, association with, or affiliation with GCA, with full knowledge of GCA's prior rights and prior use of the GRAVITAS mark.

24. The aforesaid acts of Defendant have caused confusion, deception, or mistake among the public as to the true origin, source, sponsorship, approval, authorization, association, or affiliation of Defendant's services, all to Defendant's profit and GCA's damage.

25. The aforesaid use of the GRAVITAS mark by Defendant constitutes use of false designations of origin, false descriptions, and false representations in interstate commerce in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and has caused and will continue to cause irreparable injury to GCA unless and until permanently enjoined by this Court.

## COUNT III
## (FEDERAL TRADEMARK DILUTION)

26. GCA incorporates by reference the factual allegations contained in paragraphs 1 through 25 of this Complaint as if these paragraphs were fully set forth herein.

27. Defendant's unauthorized use in commerce of a service mark, company name, and domain name that is confusingly similar to GCA's GRAVITAS mark, which use began after GCA's first use and federal registration of GCA's GRAVITAS mark, has caused and continues to cause dilution of the distinctive quality of GCA's famous GRAVITAS mark in violation of the Federal Dilution Act of 1995, 15 U.S.C. § 1125(c).

28. Defendant willfully intended to trade on GCA's reputation and/or to cause dilution of GCA's famous GRAVITAS mark.

29. By reason of Defendant's unlawful acts, GCA has suffered, is suffering, and will continue to suffer damage to its business, reputation, and goodwill, for which GCA is entitled to relief.

## COUNT IV
## (UNFAIR COMPETITION)

30. GCA incorporates by reference the factual allegations contained in paragraphs 1 through 29 of this Complaint as if these paragraphs were fully set forth herein.

31. Defendant's willful, knowing, and intentional use of the GRAVITAS mark in commerce has caused and is likely to continue to cause consumer confusion, mistake, or deception as to whether Defendant is in some way associated or affiliated with GCA or whether GCA sponsors or endorses Defendant's services.

32. Defendant has used the GRAVITAS Name with the intent of trading unlawfully upon the GRAVITAS mark in the manner identified above.

33. Defendant's actions, therefore, constitute unfair competition with GCA at common law and Defendant's actions have irreparably injured and will continue to irreparably injure GCA unless and until such conduct is enjoined permanently by this Court.

## COUNT V
## (CONVERSION)

34. GCA incorporates by reference the factual allegations contained in paragraphs 1 through 33 of this Complaint as if these paragraphs were fully set forth herein.

35. Defendant, through the unauthorized use of the GRAVITAS Name, has misappropriated the GRAVITAS mark and converted to its own use and benefit GCA's famous and valuable property. Defendant's actions therefore constitute misappropriation and conversion under the common law.

36. Defendant's actions have irreparably injured and will continue to irreparably injure GCA unless and until such conduct are enjoined permanently by this Court.

## PRAYER FOR RELIEF

WHEREFORE, GCA respectfully requests that this Court:

(i) Enter judgment against Defendant and declare that the Defendant has, as a result of its unauthorized use of the GRAVITAS Name as a service mark, company name, and domain name, violated 15 U.S.C. §§ 1114(1) and 1125(a) by: using false designations of origin; false descriptions and false representations; and committing service mark infringement; has violated 15 U.S.C. § 1125(c) by diluting the value and quality of GCA service mark; has engaged in unfair competition under the common law; and has converted GCA's property in violation of the common law;

(ii)     Enjoin Defendant and each of its related companies, officers, agents, employees, attorneys, and/or representatives, and all those persons in active concert or participation with them, from adopting or using as a company name, trade name, trademark, service mark, domain name, or email address any name, mark, domain name, or e-mail address which incorporates the GRAVITAS mark or any confusingly similar term, mark or name;

(iii)    Order Defendant to pay GCA damages for the injuries sustained as a result of Defendant's unlawful actions, and that these damages be trebled pursuant to 15 U.S.C. § 1117(a) in light of the intentional, willful, and exceptional nature of Defendant's actions;

(iv)    Award attorneys' fees and costs to GCA pursuant to 15 U.S.C. § 1117(a); and

(v)     Enter such other and further relief as this honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

_____
Kurt J. Hamrock (DC Bar No. 442619)

MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7500
(202) 496-7756 (facsimile)

Attorneys for Plaintiff
Gravitas Capital Advisors, LLC

Dated: January 13, 2006