UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GRAVITAS CAPITAL ADVISORS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER 1:06CV00064 |
| | ) | |
| GRAVITAS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT GRAVITAS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND GRAVITAS, LLC'S COUNTERCLAIMS

Defendant GRAVITAS, LLC, ("GLLC") herewith answers the numbered allegations of the Complaint of GRAVITAS CAPITAL ADVISORS, LLC ("GCA"), *seriatim*, and counterclaims, as follows:

1. GLLC is without sufficient information as to affirm or deny this assertion, and so denies it.

2. Admitted.

3. Denied.

4. Denied.

5. Denied.

6. GLLC is without sufficient information as to admit or deny the allegations of this paragraph, and so denies them.

7. GLLC is without sufficient information as to deny or admit the allegations of this paragraph, and so denies them.

8. GLLC is without sufficient information as to deny or admit the allegations of this paragraph, and so denies them.

9. GLLC is without sufficient information as to deny or admit the allegations of this paragraph, and so denies them.

10. GLLC is without sufficient information as to deny or admit the allegations of this paragraph, and so denies them.

11. Admitted that GLLC is engaged in the business of providing financial services. The remaining allegations are denied. GCA and its counsel, are or should be well aware that GLLC does not currently identify any services with the name GRAVITAS, does not use the domain name www.gravitasllc.com, manage or operate a website under that domain name, or use the company name GRAVITAS, LLC in connection with the services offered.

12. Denied. GLLC does not currently market or provide services identified by the mark GRAVITAS anywhere in the United States, and does not maintain or provide financial services through a website www.gravitasllc.com. GCA and its counsel are, or should be, well aware that GLLC does not use the mark GRAVITAS, the website, www.gravitasllc.com or related marks in connection with the financial services it provides.

13. Denied.

14. Admitted that GCA contacted GLLC with respect to the issue of the use of the mark GRAVITAS, further admitted that all requests of GCA were honored. The remaining allegations are denied.

15. Admitted that GCA contacted GLLC with respect to the use of the mark GRAVITAS. The remaining allegations are denied.

16. Denied. GCA and its counsel know or should know that GLLC does not continue to use the mark GRAVITAS in connection with its financial services.

## COUNT I
## (INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS)

17. GLLC incorporates by reference the statements and denials contained in paragraphs 1-16 of this Answer as if these paragraphs were fully set forth herein.

18. Denied. GCA and its counsel know, or should know, that GLLC does not continue to use the GRAVITAS mark in connection with its financial services. As to the remaining allegations, these are denied.

19. Denied.

20. Denied.

## COUNT II
## (USE OF FALSE DESIGNATIONS OF ORIGIN,
## FALSE DESCRIPTIONS AND FALSE REPRESENTATIONS)

21. GLLC incorporates by reference the assertions and denials in the paragraphs contained in paragraphs 1-20 of this Answer as if these paragraphs were fully set forth herein.

22. Denied.

23. Denied. GCA and its counsel know, or should know, that GLLC does not continue to use the GRAVITAS mark in connection with financial services.

24. Denied.

25. Denied.

## COUNT III
## (FEDERAL TRADEMARK DILUTION)

26. GLLC incorporates by reference the assertions and denials contained in paragraphs 1-25 of this Complaint as if these paragraphs were fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

## COUNT IV
## (UNFAIR COMPETITION)

30. GLLC incorporates by reference the assertions and denials contained in paragraphs 1-29 of the Answer as if these paragraphs were fully set forth herein.

31. Denied. GLLC further notes that GCA and its counsel know, or should know that GLLC is not using, and does not continue to use, the mark GRAVITAS in connection with its financial services.

32. Denied.

33. Denied.

## COUNT V
## (CONVERSION)

34. GLLC incorporates by reference the assertions and denials contained in paragraphs 1-33 of this Complaint as if these paragraphs were fully set forth herein.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint by virtue of its unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint by virtue of the doctrines of estoppel, waiver, acquiescence, and/or additional equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking the relief requested in the Complaint in whole or in part by virtue laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages because it sustained no damages proximately caused by defendant's action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from the recovery of any damages by reason of its failure to mitigate.

## GLLC'S COUNTERCLAIMS (MALICIOUS PROSECUTION)

## THE PARTIES

Gravitas Capital Advisors, LLC ("GLLC") through its attorneys, asserts the following Counterclaims against Gravitas, LLC and alleges as follows:

### COUNTERCLAIM PLAINTIFF

1. Gravitas, LLC ("GLLC") is a New York corporation with its principal place of business at 145 East 57th Street, 10th Floor, New York, NY.

### COUNTERCLAIM DEFENDANTS

2. Plaintiff Gravitas Capital Advisors, LLC (hereinafter "GCA") is a Washington, D.C. corporation with its principal place of business at 601 Pennsylvania Avenue, N.W., Suite 900-South, Washington, D.C.

### JURISDICTION AND VENUE

3. The Counterclaim arises out of the Complaint filed. The Court accordingly has jurisdiction and venue is proper.

### FIRST COUNTERCLAIM - MALICIOUS PROSECUTION

4. Counterclaim Plaintiff repeats and realleges every allegation contained in 1-3 of its Counterclaims set forth herein.

5. Prior to 2003, GLLC had engaged in the offering of financial services in conjunction with various forms of the mark GRAVITAS. That mark was not used in the form or appearance that appears in U.S. Trademark Registration No. 2147124 attached to the Complaint answered herein as Exhibit A.

6. At the time GLLC commenced the offering of financial services associated with the mark GRAVITAS, GCA was not offering financial services of the type offered by GLLC, or of a type that could be confused with the services offered by GLLC.

7. Subsequent to the time GLLC began offering financial services in connection with the service mark GRAVITAS, GCA contacted GLLC, advising GLLC that it perceived a potential conflict and confusion over financial services offered with the mark GRAVITAS, in light of services GCA had commenced to offer.

8. Over a series of discussions, GCA and GLLC agreed on steps that GLLC could take to avoid potential conflict over the mark GRAVITAS, and confusion among consumers. These steps fundamentally included cessation of use, by GLLC, of the mark GRAVITAS in connection with financial services.

9. Prior to the filing of the Complaint in the underlying action here, GLLC had discontinued use of the mark GRAVITAS in connection with financial services, or any other services remotely similar to those offered by GCA. GLLC had notified GCA of the changes, which, because of the nature of the businesses engaged in, required the approval of various agencies, including those Federal and State agencies regulating financial services. Once those approvals had been secured, GLLC discontinued the use of the mark GRAVITAS.

10. Once approval to change the name of the financial services engaged in by GLLC was received from Federal and State agencies, GLLC ceased to offer services of any type under the domain name www.gravitasllc.com and ceased to offer financial services through a website available at www.gravitasllc.com.

11. Once the approval of State and Federal regulatory bodies had been secured by GLLC to change the name under which its financial services were offered, and that change had been instituted, GLLC advised GCA of the change. Accordingly GCA is aware, and its counsel should be aware, that GLLC no longer offers financial services under the mark GRAVITAS, or operates in connection with or underneath that mark in any way. GLLC undertook these changes voluntarily to avoid any potential conflict or confusion in the minds of consumers, to avoid potential loss of goodwill that had become associated with GLLC and its financial services by dilution or confusion with those of GCA.

12. Once GLLC advised GCA of the cessation of operations under the mark GRAVITAS, GCA then demanded payment of fees it had incurred in connection with the disagreement with GLLC over the offering of financial services under the mark GRAVITAS.

13. GCA and GLLC had agreed on a sum to compensate GCA for whatever losses it had sustained in bringing the potential for confusion to the attention of GLLC. Subsequent to that point in time, GCA rejected that agreement, and demanded a higher payment, which GLLC declined to pay.

14. In response, GCA filed the Complaint answered herein, asserting allegations of continued and future use by GLLC of the mark GRAVITAS in connection with financial services, which GCA knows, and its counsel knows or should know, are incorrect.

-9-

15. GLLC has suffered damages due to GCA's filing of a Complaint based on assertions known to GCA to be untrue, in amounts reflected in attorneys' fees, and time and resources diverted.

## PRAYER FOR RELIEF

WHEREFORE, GLLC respectfully requests this Court:

A. Dismiss, with prejudice, Counts I–V of the Complaint of GCA;

B. Enter judgment against GCA on the Counterclaim of GLLC and order GCA to pay GLLC its attorneys' fees and costs associated with this litigation; and

C. Enter such other and further relief this Honorable Court deems appropriate.

                    Respectfully submitted,

Date: February 23, 2006

/s/Steven B. Kelber
Steven B. Kelber (DC Bar No. 358515)

MERCHANT & GOULD
901 15th Street, N.W.
Suite 850
Washington, D.C. 20005
Telephone: 202-326-0300
Facsimile: 202-326-0778

Attorneys for Defendant
GRAVITAS LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing DEFENDANT GRAVITAS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS has been served on counsel for Plaintiff as follows:

> Kurt J. Hamrock, Esq.
> Andrew J. Park, Esq.
> McKenna Long & Aldridge LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006

via FedEx this 23rd day of February 2006.

/s/Steven B. Kelber
Steven B. Kelber