STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRAVITAS CAPITAL ADVISORS, LLC<br><br>   Plaintiff,<br><br>  v.<br><br>GRAVITAS, LLC<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No.  1:06cv0064 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

**LOCAL RULE 16.3(D) JOINT STATEMENT OF THE PARTIES**

  Pursuant to the provisions of Local Rule 16.3(d) and this Court's order dated March 22, 2006, the parties provide herewith their joint statement of the case and their written report regarding the matters set forth in Local Rule 16.3(c).  A joint proposed scheduling order reflecting the agreements of the parties is attached hereto.

<u>Joint Statement of the Case</u>

  Plaintiff, Gravitas Capital Advisors, LLC, is a D.C. corporation that provides asset management, financial analysis, and related consultation services.  Plaintiff owns the registration for the GRAVITAS service mark, which Plaintiff uses in connection with its financial services.  Plaintiff alleges that Defendant Gravitas LLC, a New York corporation that provides financial analysis and financial consultation services, knowingly used the GRAVITAS mark without permission in violation of statutory and common law.

  Specifically, Plaintiff alleges that Defendant infringed Plaintiffs' service mark in violation of 15 U.S.C. § 1114(l); used false designations of origin/false representations in violation of 15 U.S.C. § 1125(a); caused dilution of Plaintiff's service mark through use of a confusingly similar mark in violation of 15 U.S.C. § 1125(c); engaged in common law unfair

competition; and engaged in common law conversion through its unauthorized use of the GRAVITAS mark. Plaintiff seeks declaratory, injunctive, and monetary relief, including trebled damages and an award of attorney's fees and costs.

Defendant denies that the alleged infringement occurred. Defendant also contends that it ceased use of the GRAVITAS name at the request of Plaintiff prior to the initiation of this lawsuit. Defendant has filed a counterclaim against Plaintiff, seeking to recover the costs to defend against this allegedly malicious prosecution by Plaintiff.

<u>Issues Set Forth in Local Rule 16(c) and Discussed by the Parties</u>

1. Defendant believes that at least some of the claims in the case are likely to be disposed of by dispositive motion. No dispositive motions have been filed to date.

2. The parties propose that all other parties shall be joined and/or the pleadings amended without cause on or before May 31, 2006.

3. The parties agree that the case should not be assigned to a magistrate judge for all purposes.

4. The parties believe that there is a realistic possibility of settling the case.

5. The parties believe that the case could benefit from some version of alternative dispute resolution. Specifically, the parties believe that the case could benefit from an early neutral evaluation. Such evaluation should not, however, delay the parties' discovery efforts.

6. The parties believe that the case is unlikely to be resolved entirely by summary judgment or motion to dismiss.

7. The parties propose that the initial disclosures required by Rule 26(a)(1) should be made on or before May 8, 2006.

8. The parties agree that the case should be classified as Track Two (Standard) and propose that the Court adopt the following pre-trial schedule:

| | |
|---|---|
| Deadline for exchange of witness lists: | May 24, 2006 |
| Deadline for Post-Rule 26 discovery requests: | June 8, 2006 |
| Deadline for Proponent's Rule 26(a)(2) statements: | June 23, 2006 |
| Deadline for Opponent's Rule 26(a)(2) statements: | July 24, 2006 |
| Discovery closes: | August 25, 2006 |

9. The parties agree that the procedures set forth in Rule 26(a)(2) should not be modified. Depositions of experts (if any) should occur prior to the close of discovery.

10. Not applicable.

11. The parties agree that bifurcation of the case is not required.

12. The parties propose that the pretrial conference take place on October 24, 2006, or as soon thereafter as the business of the Court permits.

13. The parties propose that the Court set a trial date at the pretrial conference that will be from 30-60 days after that conference.

                                                      Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Kurt J. Hamrock (DC Bar No. 442619) | Steven B. Kelber (DC Bar No. 358515) |
| | |
| MCKENNA LONG & ALDRIDGE LLP | Merchant & Gould |
| 1900 K Street, N.W. | 901 15th Street, N.W., Suit 850 |
| Washington, DC  20006 | Washington, DC 20005 |
| (202) 496-7500 | 202-326-0300 |
| (202) 496-7756  (facsimile) | 202-326-0778 (facsimile) |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Gravitas Capital Advisors, LLC | Gravitas LLC |

Dated:  April 17, 2006